**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re

Cindy Andrea Heyward,                                      Case No. 22-30196-KRH
                                                           Chapter 13
        Debtor(s).

**UNITED STATES TRUSTEE'S RESPONSE TO NOTICES OF DEFICIENCIES ISSUED IN THE CASE AND REQUEST TO CONTINUE HEARING**

John P. Fitzgerald, III, the Acting United States Trustee for Region Four (the "United States Trustee"), by and through the undersigned counsel, hereby (a) responds to the Court's notices of deficiencies issued in this case to the Debtor on January 28th and January 30th, 2022 (ECF Nos. 7-9), and (b) requests the Court continue the hearing on these deficiencies, as set forth more fully herein. In support hereof, the United States Trustee shows this Court as follows:

**Factual Background**

1. Cindy Andrea Heyward (the "Debtor") commenced the instant case, *pro se*, with a voluntary petition (the "Petition") filed on January 27, 2022. ECF No. 1. According to the Petition, the Debtor's case is filed through a power of attorney granted by the Debtor to another individual. *Id*. The individual acting on the Debtor's behalf is not named in the Petition nor was the power of attorney filed of record. *Id*.; *see also* ECF Docket, *generally*.

2. The Debtor did not file any schedules or required statements with the Petition or to date. ECF No. 1; ECF Docket, *generally*. A certificate of credit counseling has not been filed to date. *See* ECF Docket, *generally*. The Debtor has not filed a chapter 13 plan to date. *Id*.

---

Kathryn R. Montgomery, Esq., AUST (VSB No. 42380)
Shannon Pecoraro, Esq. (VSB No. 46864)
Jason B. Shorter, Esq. (VSB No. 80929)
Office of the United States Trustee
701 East Broad St., Suite 4304
Richmond, VA 23219
Phone (804) 771-2310
Fax: (804) 771-2330

3. On January 28, 2022, and January 30, 2022, the Court issued deficiencies to the Debtor based on (a) the Debtor's failure to upload a creditor's matrix with the Petition, (b) the Debtor's failure to file a credit counseling certificate, and (c) the Debtor's failure to file required schedules and statements or a chapter 13 plan. *See* ECF Nos. 7-9.

4. The Debtor has been a debtor in the following cases previously filed of record with the Court: (a) No. 02-68613; (b) No. 08-30255; (c) No. 16-30581; (d) No. 17-36117; (e) No. 19-31538; and (f) No. 20-30298. *See* "Notice of Debtors Prior Filings", entered January 28, 2022. The Court's records reflect that the Debtor was represented by Counsel in each of these prior cases.[1]

**Statement of Legal Issues and Argument**

5. Generally speaking, "'[i]t appears well-settled that a bankruptcy case may be commenced through an attorney-in-fact in appropriate circumstances.'" *In re O'Connor*, 2009 WL 1616105 at *2 (Bankr. N.D. Ohio Feb. 27, 2009) (citing *In re Curtis*, 262 B.R. 619, 622 (Bankr. D. Vt. 2001)).[2] In Virginia, under the Virginia Uniform Power of Attorney Act, if, at a minimum, a power of attorney contains general language granting authority with respect to "claims and litigation," and no prohibition otherwise, a power of attorney can be, in appropriate situations,[3] relied

---

[1] The Court may take judicial notice of the Debtor's prior filings pursuant to Fed. R. Evid. 201, as made applicable by FRBP 9017.

[2] Historically, Virginia bankruptcy courts appeared to disfavor filings through powers of attorney. *See e.g., In re Raymond*, 12 B.R. 906 (Bankr. E.D. Va. 1981) (Bonney, J.); *In re Smith*, 115 B.R. 84 (Bankr. E.D. Va. 1990) (Shelley, J.). Recently, however, Bankruptcy Judge Keith Phillips allowed a filing through a power of attorney when confronted with the issue. *See* Case No. 20-34887. In the case of Ed Brown Wright, Jr., and Sarah Smith Wright, No. 20-34887, Judge Phillips denied a motion to appoint a guardian brought by Mrs. Wright for the purpose of serving as her husband's guardian during their bankruptcy proceeding. *See* ECF Text Entry 11 in Case No. 20-34887. Judge Phillips denied the motion on the basis that Mrs. Wright had a durable power of attorney for her husband under which she could act, and a guardian was therefore unnecessary. The power of attorney did not contain specific bankruptcy authority but did contain generally authority to commence actions and proceedings on Mr. Wright's behalf. *See* ECF No. 5 in Case No. 20-34887. Judge Phillips ruling may stem, in part, from the Virginia Legislature's relatively recent adoption of the Uniform Power of Attorney Act. *See* Va. Code Ann. 64.2-1600, *et seq*.

[3] Federal Rule of Bankruptcy Procedure 1004.1 may, however, restrict the use of a power of attorney to situations where the principal suffers from a level of incompetency. *See* Fed. R. Bankr. P. 1004.1

on to commence a bankruptcy for another. *See* Va. Code Ann. 64.2-1633.7.

6. Notwithstanding authority to file a case through a power of attorney, what remains clear is that an agent cannot thereby also engage in the practice of law by prosecuting a bankruptcy case on behalf of a *pro se* principal. *In re O'Connor*, 2009 WL 1616105 at 4-5.

7. In this case, no documents of record substantiate the filing of this case through a power of attorney. *See* ECF No. 1, ECF Docket, *generally*. As such, this Court cannot examine the power of attorney to determine if the Debtor's bankruptcy petition was properly filed by an attorney-in-fact.

8. Moreover, as the case appears to be prosecuted by a non-lawyer on behalf of a *pro se* debtor, it is unclear whether the filing constitutes the unauthorized practice of law and violates, among other things, the Virginia Rules of Professional Conduct and this Court's own rules pertaining to admission to practice. *In re O'Connor*, 2009 WL 1616105 at 4-5.

## Request to Continue Hearing

Based on the foregoing, and the record in this cause, the United States Trustee seeks this Court's adjournment of the hearing on the notices of deficiencies until such time as the United States Trustee can conduct discovery, either informally or through Federal Rule of Bankruptcy Procedure 2004, regarding the filing of this case through a power of attorney.

## Reservation of Rights

Until such time as the United States Trustee has concluded formal and/or informal discovery regarding this matter, including, but not limited to, formal examination under Federal Rule of Bankruptcy Procedure 2004, the United States Trustee reserves all rights in this case.

WHEREFORE, based on the foregoing, and the record in this cause, the United States Trustee, by counsel, respectfully requests that the Court adjourn the hearing on the notices of

deficiencies issued to the Debtor until such time as the United States Trustee can conduct discovery in this matter; and that the Court grant the United States Trustee such other and further relief which the Court may deem equitable and just.

                                          Respectfully submitted,

Dated: February 16, 2022         John P. Fitzgerald, III
                                          Acting United States Trustee

                                          By: /s/ Jason B. Shorter
                                          Office of the United States Trustee
                                          701 East Broad Street, Suite 4304
                                          Richmond, VA 23219

## **CERTIFICATION OF SERVICE**

I hereby certify that on February 16, 2022, a true copy of the foregoing was delivered via electronic mail pursuant to the Administrative Procedures of the CM/ECF System for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties. In addition, a copy was mailed to the following:

Cindy Andrea Heyward
5020 Cedar Acres Ct.
Richmond, VA 23223

                                          By /s/ Jason B. Shorter
                                            Jason B. Shorter, Esq.
                                            Trial Attorney